# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:22 CR 542 |
| | 1:24 cv 1903 |
| Plaintiff, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | |
| RODWRICK BARNES, | MEMORANDUM OPINION |
| | AND ORDER |
| Defendant. | |

This matter comes before the Court upon Petitioner, Rodwrick Barnes' ("Petitioner's") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (ECF #130). The Government filed a Response in Opposition to Petitioner's Motion. Petitioner did not file a timely reply. (ECF #138).

I. Procedural History

On September 15, 2022, a federal grand jury in the Northern District of Ohio returned a 19-count, multi-defendant Indictment alleging various narcotics trafficking and firearms offenses. (R. 1: Indictment, PageID 1-9). Barnes was charged with the following thirteen counts:

- Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count 1);

- Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(c)(Counts 2, 6-7, 10-13, and 15-16);

- Distribution of a Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Count 4);

- Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 8); and

- Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 14).

On June 12, 2023, Mr. Barnes pled guilty to the Indictment pursuant to a written plea agreement. Specifically, Mr. Barnes admitted to possessing and/or distributing 12.91 grams of methamphetamine (actual), 6.13 grams of cocaine, and 10.7 grams of fentanyl throughout Ashtabula, Ohio over approximately a one-month period. (ECF #93, PageID 376). Mr. Barnes admitted to having possession of a loaded Taurus 38 special and a Glock 43, despite knowing that he had been convicted of an offense punishable by more than one year, which prohibited him from possessing firearms. (ECF #93, PageId 375).

The Pre-sentence Investigation Reports ("PSR") calculated Mr. Barnes's base offense level as 24. (ECF# 110, PageID 499). After a two-level increase for maintaining a drug premises and a three-level decrease for acceptance of responsibility, his total offense level was 23. (ECF #110, PageID 500). Due to his multiple prior convictions, his final criminal history category was VI. (ECF #110, PageID 514). With a total offense level of 23 and criminal history category VI, Mr. Barnes' advisory Guidelines range was 92 to 115 months of imprisonment. Mr. Barnes was also subject to a 60-month mandatory consecutive sentence for his § 924(c)(1)(A) conviction.

On October 2, 2023, this Court sentenced Barnes to a total of 160 months imprisonment, including 100 months on each of the controlled substances convictions, to be served

2

concurrently, and 60 months on the § 924(c)(1)(A) conviction, to be served consecutively to all other counts. Mr. Barnes did not appeal the judgment. The instant Motion to Vacate under 28 U.S.C. § 2255, was filed on September 30, 2024, making his motion timely under the statute.

Mr. Barnes alleges that his trial counsel was ineffective "for not suppressing/objecting to any of discovery evidence for the elements of conspiracy charge." (R. 130: Motion, PageID 581). Barnes also contends his guilty plea was involuntary because it was "only entered at the advisement of [his] attorney." (ECF #130). He cites no other grounds for relief.

II. <u>Legal Standard</u>

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. §2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. In order to obtain relief under § 2255, petitioners must prove by a preponderance of the evidence that their constitutional rights were denied or infringed. *United States v. Brown*, 957 F.2d 679, 690 (6th Cir. 2020). As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). Relief cannot be granted for alleged errors that could have been reached by a direct appeal. *Stone v. Powell*, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted. . . we are entitled to presume he stands fairly and finally convicted." *Id.* at 164. If a § 2255 motion, as well as the

3

files and records of the case, conclusively show that the petitioner is entitled to no relief, then the court need not grant a hearing on the motion. *See* 28 U.S.C. § 2255; *see also Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996) (recognizing that evidentiary hearing is not required when the record conclusively shows that petitioner is not entitled to relief).

III. Grounds

A. Ineffective Assistance of Counsel

Petitioner's motion asserts ineffective assistance of counsel based on his attorney's alleged failure to object to or suppress any "discovery evidence" relating to the elements of his conspiracy charge. In order to prevail on an ineffective assistance of counsel claim, Petitioner must show that his counsel's performance was deficient, and that the deficient performance prejudiced him to the extent that his conviction was unfair and the result was unreliable. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment." *Id.* Judicial scrutiny of counsel's performance must be "highly deferential." *Id.* at 689.

When reviewing allegations of ineffective assistance, effectiveness should be measured by "prevailing professional norms, " not best practices or most common custom. *See, Harrington v. Richter,* 562 U.S. 86, 105 (2011)(quoting *Strickland,* 466 U.S. at 690); *see, also, Rompilla v. Beard*, 545 U.S. 374, 380 (2005). The court's inquiry must consider the circumstances and perspectives of counsel at the time of the alleged error, and should not take place in a vacuum or with the benefit of hindsight. *See, Strickland,* 466 U.S. at 688-89. Judicial scrutiny of counsel's performance "must be highly deferential," indulging "a strong presumption

4

that counsel's conduct falls withing the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. Courts should not second guess strategical decisions. "Counsel may exercise his professional judgment with respect to the viability of certain defenses and evidentiary matters without running afoul of the Sixth Amendment." *Lewis v. Alexander*, 11 F.3d 1349, 1353-54 (6th Cir. 1993).

"The Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable or constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134 (1982). Further, attorneys have no duty to pursue frivolous arguments. *Jalowiec v. Bradshaw*, 657 F.3d 293, 321-22 (6th Cir. 2011).

In order to establish that an attorney's representation was deficient, a petitioner must identify specific acts or omissions which he claims rose to the level of ineffective assistance of counsel. *Strickland*, 466 U.S. at 687. The petitioner must then show that these acts or omissions caused counsel's representation to fall "below an objective standard of reasonableness." *Id.* at 687-88. The prosecution has no duty to prove that defense counsel's strategy was actually reasonable, rather the petitioner bears the burden of proving that the presumption is not warranted. *Id.* at 690.

It is well settled that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004); *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996). Mr. Barnes' allegations fail to provide the specificity required to sustain a claim for ineffective assistance of counsel. He does not identify any specific evidence or provide a description of

what alleged "discovery evidence" he believed was improper. Nor does he provide any information that would allow the Court to assess what steps counsel could allegedly have taken to alter the existence or effect of the "discovery evidence" Mr. Barnes references in his motion. As there was no trial, there was no opportunity to object to evidence uncovered in discovery. Further, Mr. Barnes provides no facts or allegation that would demonstrate what his counsel could have attempted to suppress, or how it would have helped his case. It is not this Court's burden to "put flesh" on the bones of Barnes's "skeletal" argument. *United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004). It is Barnes's burden to set forth adequate facts to establish that he is entitled to relief, and his failure to do so precludes him from relief under the habeas statute. *See, e.g.*, *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("the burden of proof . . . on a § 2255 petition belongs to the petitioner"); *Wilkins v. United States*, 754 F.3d 24, 28 (1st Cir. 2014) (same); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) ("Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing," much less relief); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (holding that if "claims are stated in the forms of conclusions without any allegations of fact in support thereof," a § 2255 motion is "legally insufficient"). For this reason, Mr. Barnes has not shown any deficiency in his counsel's performance, let alone one that would rise to the level of ineffective assistance of counsel.

To succeed on his motion, in addition to proving deficiency, Mr. Barnes would also have to show that his counsel's errors prejudiced the outcome of his case. An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. Counsel is

6

only ineffective under the Constitution if their performance was prejudicial to the defense. *Id.* at 692. It is insufficient to show that counsel's errors had "some conceivable effect on the outcome of the proceeding," rather, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Sixth Circuit has defined "reasonable probability" as that level of certainty which would lead the court to believe that the defendant lost "what he otherwise probably would have won," or "that defeat was snatched from the hands of probable victory." *United States v. Morrown*, 977 F.2d 222, 229 (6th cir. 1992).

In the context of a guilty plea, a defendant seeking to establish the *Strickland* prejudice requirement must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). It is against this test that Barnes' allegations of ineffective assistance of counsel must be examined. None of the allegations made by Mr. Barnes support a finding of prejudice. He does not allege, let alone support the notion that, absent the vague alleged failures of counsel, he would have not only gone to trial, but that such trial would have provided him with a more beneficial result.

B. <u>Validity of the Plea</u>

Mr. Barnes' second claim also fails to establish any grounds for relief under 28 U.S.C. §2255. In his motion, Mr. Barnes seeks an evidentiary hearing to withdraw his guilty plea. (ECF # 130, PageID 583). As reason, he states that he only entered his plea of guilty "at the advisement of my attorney." (ECF #130, PageID 581). This statement raises no actual allegation of ineffectiveness of counsel, and does not allege that the "advisement" was in some way

7

deficient. To the extent that Mr. Barnes may be attempting to claim that the plea was not voluntarily, such a conclusion runs contrary to the clear record in this case.

As part of his plea agreement, Mr. Barnes waived his right to challenge his sentence on appeal or on collateral review. Absent a showing of ineffective assistance of counsel or prosecutorial misconduct, neither of which is alleged or established by the allegations in Mr. Barnes' motion, he has no right to challenge the validity of his conviction or sentence. (ECF #93, PageID 370). In addition, "[i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked . . . And even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984) and *Reed v. Farley*, 512 U.S. 339, 354 (1994)).

The record clearly confirms that Mr. Barnes' guilty plea was knowing and voluntary. Accepting the advise of counsel does not eliminate Mr. Barnes' own responsibility for making the final determination on whether to plead guilty, nor does it render such decision involuntary or unknowing. During the change of plea hearing, while under oath, Mr. Barnes confirmed that he had discussed the case with his counsel and that he understood the facts and evidence. (ECF#137, PageID 599). He indicated that he understood his various constitutional rights, and that by pleading guilty he waived those rights. (ECF#137, PageID 600-03). He also acknowledged that he understood there was no agreement about the sentencing range or sentence to be imposed, other than to stipulate to the computation of the advisory Guidelines offense level. (ECF#137, PageID 626). He also signed and initialed each page to verify that he

8

had seen and read the entire plea agreement and all its terms. (ECF #93). The plea agreement also required him to attest that he was fully satisfied with the assistance of counsel, and that the agreement was completely and voluntarily entered into. (ECF #93, PageID 377-78). In addition reviewing and signing the written plea agreement, Mr. Barnes stated, on the record, that he was not threatened, induced, or coerced to plead guilty:

> THE COURT: In order then for me to accept any
> guilty plea from you, I have to be satisfied that you have
> made the decision to plead guilty. This is your decision,
> isn't it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: I also have to be satisfied that
> no one has promised or forced or threatened you in any way
> to get you to plead guilty. Now, no one has done that, have
> they?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Now, if you enter the guilty plea
> that's outlined here in your written plea agreement, will
> you be entering it knowingly, voluntarily, and of your own
> free will?
>
> THE DEFENDANT: Yes, sir.

(ECF# 137, PageID 600). After a discussion on the record, including a full reading of the plea agreement and the colloquy with the Defendant, the Court ultimately accepted Barnes' guilty plea, finding that Barnes "entered each one knowingly, voluntarily, of [his] own free will, and without any promises, threats, or coercion." (ECF #137, PageID 632). Nothing in Mr. Barnes' motion calls this finding into question. Barnes repeatedly demonstrated his understanding of the plea agreement, both orally and in writing. There is no basis upon which the Court could reasonably conclude that Barnes's plea was not knowing or voluntary.

9

IV. Conclusion

Because the files and records in this case conclusively show that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. As Mr. Barnes has failed to meet his burden of proving a violation of his constitutional rights by a preponderance of the evidence, on any grounds, his claim is DENIED.

V. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

10

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484.

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #130) is DENIED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: February 13, 2025